KEVIN A. DARBY, ESQ. (#7670)                          *Electronically filed 5/20/2026*
TRICIA M. DARBY, ESQ. (#7956)
DARBY LAW PRACTICE, LTD.
499 W. Plumb Lane, Suite 202
Reno, Nevada, 89509
Telephone: (775) 322-1237
Facsimile: (775) 996-7290
E-mail: kevin@darbylawpractice.com
       tricia@darbylawpractice.com

Attorneys for Debtors

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>PETER B. WILDAY and MONETTE O. WILDAY,<br><br>                      Debtors.<br>_____/ | CASE NO.     BK-N-25-51136-HLB<br>Chapter 13<br><br>**MOTION TO AVOID JUDGMENT LIEN IMPAIRING DEBTORS' HOMESTEAD EXEMPTION**<br><br>Hearing Date:   NEGATIVE NOTICE<br>Hearing Time:   NEGATIVE NOTICE |

PETER B. WILDAY and MONETTE O. WILDAY ("Debtors"), by and through his counsel, DARBY LAW PRACTICE, LTD., hereby move this Court for an order voiding, expunging and releasing the judgment lien recorded against Debtors by Anthony Silva and Connie Silva, husband and wife (collectively, "Silva") recorded as Document No.: 5540891 on May 21, 2025, in the Official Records of Washoe County, Nevada in the approximate amount of $212,616.57 (the "Silva Judgment Lien") as impairing the Debtors' homestead exemption (the "Motion"). This Motion is made pursuant to 11 U.S.C. §522(f)(1)(A), is supported by the Request for Judicial Notice filed herewith and the following points and authorities.

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

> Pursuant to LR 9014.1, the court will consider this motion, objection, or other matter without further notice of hearing unless a party in interest files an objection within twenty-one (21) days from the date of service of this paper. If you object to the relief requested in this paper, you may file your objection at the bankruptcy clerk's

1

office located in Las Vegas at the United States Bankruptcy Court, 300 Las Vegas Blvd. South, Las Vegas, Nevada 89101, or in Reno at the United States Bankruptcy Court, 300 Booth Street, Reno, NV 89509, and serve a copy on the movant's attorney and any other appropriate persons. It is the duty of the objecting party to timely set the objection for a hearing and properly notice all parties in interest. If you do not file an objection within the time permitted, an order granting the requested relief may be entered by the court without further notice or hearing

## POINTS AND AUTHORITIES

1.      On December 3, 2025, Debtors filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code. At the time of filing, Debtors owned the real property located at 4454 Dant Boulevard, Reno, Nevada, 89509 (the "Dant Property"), which Debtors reside in as their homestead. *See, Voluntary Petition, and Schedule A*.

2.      On December 5, 2025, Debtors recorded a Declaration of Homestead as Document No.: 5586800 with the Washoe County Recorder's Office. *Declaration of Debtor, Exhibit 1*.

3.      On May 21, 2025, Anthony Silva and Connie Silva, husband and wife, recorded a judgment lien against the Dant Property as Document No.: 5540891, in the Official Records of Washoe County, Nevada in the approximate amount of $212,616.57 (the "Judgment Lien"). *Declaration of Debtor, Exhibit 2*.  The Judgment Lien arises from a lawsuit filed by Silva in the Second Judicial District Court against Debtors as Case No: CV23-01371.

4.      On the Petition Date, Debtors valued the Dant Property at $1,500,000.00. *See, Schedule A*. The Dant Property is subject to a mortgage lien held by NewRez ("NewRez") in the amount of $1,101,506.47 as of the petition date based on Proof of Claim No. 12.

5.      The Dant Property is also subject to the Internal Revenue Service's secured claim in the amount of $228,395.33.

6.      Debtors seek to avoid and cancel the Silva Judgment Lien pursuant to 11 U.S.C. §522(f)(l)(A). Pursuant to §522(f)(l)(A), Debtors "may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is – (A) a judicial lien. "Section 522(f) operates retrospectively to annul the *event* of fastening the subject lien upon a property interest." *In re Chiu*, 904 F.3d 905, 908 (9th Cir. 2002).

7.      11 U.S.C. §522(f)(1)(A) further provides:

For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of –

    (i)    the lien;

    (ii)    all other liens on the property; and

    (iii)    the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

8.      It is well settled that the value of debtor's homestead is determined based on the property's fair market value as of the petition date. *See BFP v. Resolution Tr. Corp.,* 511 U.S. 531, 537 (1994) (noting that under bankruptcy code § 522, "'value' means fair market value as of the date of the filing of the petition") (quoting 11 U.S.C. § 522(a)(2)); *In re Kolich*, 328 F.3d 406, 408 (8th Cir. 2003) (using a homestead's fair market value in calculating lien avoidance).

9.      Applying the formula set forth in §522(f)(1)(A) to the present case, the sum of the Silva Judgment Lien ($212,616.57), all other liens on the Dant Property ($1,329,901.80), and the homestead exemption Debtors could claim in the absence of liens ($605,000.00) is $1,934,901.80. This exceeds the value of the Debtors' interest in the Dant Property ($1,500,000.00) in the absence of any liens, by $434,901.80. Therefore, the Silva Judgment Lien is fully avoidable under 11 U.S.C. § 522(f)(1)(A). The existence of the Silva Judgment Lien impairs the homestead exemption which Debtors is entitled to under 11 U.S.C. §522(b) and Nevada state law.

10.      The Ninth Circuit Court of Appeals has held that "under § 522(f)(1), a debtor may avoid a lien if three conditions are met: (1) there was a fixing of a lien on an interest of the debtor in property; (2) such lien impairs an exemption to which the debtor would have been entitled; and (3) such lien is a judicial lien." *In re Chiu*, 904 F.3d at 908. Here, the Judgment Lien was recorded by Silva and was fixed to the Dant Property. The Silva Judgment Lien impairs Debtors' $605,000.00 homestead exemption they are entitled to under §522 and Nevada state law. Finally, the lien filed by

Silva was a judgment lien, which are the quintessential form of a judicial lien. All three of the Ninth Circuits elements to avoid the Silva Judgment Lien under §522(f)(1)(A) are indisputably satisfied in this case.

11.     Based on the foregoing, this Court should enter an order voiding the Silva Judgment Lien in its entirety.

DATED this 20th day of May 2026.

DARBY LAW PRACTICE, LTD.

*/s/ Tricia M. Darby*

By:_____
TRICIA M. DARBY, ESQ.

4

# EXHIBIT 1

# EXHIBIT 1

KEVIN A. DARBY, ESQ. (#7670)
TRICIA M. DARBY, ESQ. (#7956)
DARBY LAW PRACTICE, LTD.
499 W. Plumb Lane, Suite 202
Reno, Nevada, 89509
Telephone: (775) 322-1237
Facsimile: (775) 996-7290
E-mail: kevin@darbylawpractice.com
           tricia@darbylawpractice.com

Attorneys for Debtors

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>PETER B. WILDAY and MONETTE O. WILDAY,<br><br>Debtors.<br>_____/ | CASE NO.     BK-N-25-51136-HLB<br>Chapter 13<br><br>**ORDER GRANTING MOTION TO AVOID JUDGMENT LIEN IMPAIRING DEBTORS' HOMESTEAD EXEMPTION**<br><br>Hearing Date:   NEGATIVE NOTICE<br>Hearing Time:   NEGATIVE NOTICE |

The Court reviewed and considered the Motion to Avoid Judgment Lien Impairing Debtors' Homestead Exemption on negative notice filed by Debtors, PETER B. WILDAY and MONETTE O. WILDAY ("Debtors"), for an order voiding, expunging and releasing the judgment lien recorded by Anthony Silva and Connie Silva, husband and wife (collectively, "Silva") recorded as Document No.: 5540891 on May 21, 2025, in the Official Records of Washoe County, Nevada in the

1

approximate amount of $212,616.57 (the "Judgment Lien") as impairing the Debtors' perfected homestead exemption (the "Motion") [ECF No. 41] and the supporting Declaration [ECF No. 42], proper notice of the Motion having been provided, no party opposed the Motion. Based on the forgoing,

IT IS HEREBY ORDERED:

A. The Motion is granted is its entirety;

B. The Judgment Lien recorded by Anthony Silva and Connie Silva recorded as Document No.: 5540891 on May 21, 2025, in the Official Records of Washoe County, Nevada in the approximate amount of $212,616.57 is hereby voided, expunged and released.

**SIGNED AND DATED ABOVE.**

Submitted by:

DARBY LAW PRACTICE, LTD.

*/s/ Tricia M. Darby*
By:_____
    TRICIA M. DARBY, ESQ.

###

2